Walter DARTLAND, Plaintiff–Appellee,

v.

METROPOLITAN DADE COUNTY, a political subdivision of the State of Florida, Defendant,

Sergio Pereira, Defendant–Appellant.

No. 88–5273.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1989.

2.  1939 Fla.Laws 19554 § 318.

Lee Kraftchick, Miami, Fla., for defendant-appellant.

Marilyn Sher, Chonin & Sher, P.A., Coral Gables, Fla., for plaintiff-appellee.

Before TJOFLAT, EDMONDSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Sergio Pereira appeals the district court's order denying his motion for summary judgment based on qualified immunity in a civil rights action under 42 U.S.C. sec. 1983. After reviewing the relevant first amendment law in the light of the specifics of this case, we reverse.

Sergio Pereira, the Dade County Manager, proposed the merger of the Dade County Consumer Advocate's Office into the county's Office of Consumer Protection. In an interview about the proposed merger, Walter Dartland, the Dade County Consumer Advocate, told a reporter for the Miami Herald that Pereira was a "paid lackey" who had a "total misconception" of what a Consumer Advocate does. The paper published Dartland's statements. When Dartland refused to resign, Pereira fired him.[1] Dartland filed a suit for damages in the United States District Court for the Southern District of Florida alleging that his discharge violated his first amendment rights. Pereira moved for summary judgment based on qualified immunity. The district court denied the motion.

The Supreme Court formed the principle of qualified immunity in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.
>
> Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment.

*Id.*, at 818, 102 S.Ct. at 2738, 73 L.Ed.2d at 410 (citations and footnotes omitted).

██ *Harlow* tightly constrains causes of action under section 1983. *Barts v. Joyner*, 865 F.2d 1187, 1189 (11th Cir.1989). Government officials are shielded from suit unless the court is convinced that "the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, ... the law clearly proscribed the actions the defendant ... took." *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411, 426 (1985). Here, the district court incorrectly held that "Pereira must show that at the time he dismissed Dartland, his 'conduct did not violate clearly established ... constitutional rights of which a reasonable person would have known.'" *Dartland v. Metropolitan Dade County*, 681 F.Supp. 1539, 1545 (S.D.Fla.1988). On the contrary, it is plaintiff's job to show "that the defendant's actions violated clearly established constitutional law." *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir.1983). Dartland cannot persuade the court that the law is clearly established by making

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. The Dade County Consumer Advocate serves at the will of the County Manager. Dade County, Fla., Metropolitan Dade County Code art. IIIA sec. 2–25.1. "A government employee who has no ... right to continued employment may

be fired for any reason.... The only exception is that the employee cannot be fired for a reason that itself constitutes a violation of some constitutional right, such as free speech...." *Banks v. American Samoa Gov't*, 4 Am.Samoa 2d 113, 120 (1987); *accord Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 283–84, 97 S.Ct. 568, 574, 50 L.Ed.2d 471, 481 (1977).

general, conclusory allegations of a constitutional violation or by stating broad legal truisms. "General propositions have little to do with the concept of qualified immunity." *Muhammad v. Wainwright*, 839 F.2d 1422, 1424 (11th Cir.1987). The court must be convinced of the existence of a clear, factually-defined, well-recognized right of which a reasonable county manager should have known. *See, e.g., Clark v. Evans*, 840 F.2d 876, 880, 881 (11th Cir.1988).

"The words 'clearly established ... constitutional rights' may not be used to read the defense of immunity out of federal tort law by the facile expedient of stating constitutional rights in the most general possible terms...." *Azeez v. Fairman*, 795 F.2d 1296, 1301 (7th Cir.1986). *"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."* *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (emphasis added). "[T]he qualified immunity defense ... provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271, 278 (1986). Therefore, Pereira is immune from suit if a reasonable person in his position could have believed that his act complied with federal law. *See Parker v. Williams*, 862 F.2d 1471 (11th Cir.1989).

A review of first amendment law demonstrates that Pereira's discharging Dartland was not clearly unlawful. The Supreme Court has never established a bright-line standard for determining when the State as an employer may take action adverse to an employee in response to that employee's speech. Instead, the Court has balanced the interest of the employee in commenting on matters of public concern[2] against the interest of the employer in per-

forming public services efficiently. *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811, 817 (1968). The court must necessarily balance these interests on a case-by-case basis. Because of this case-by-case approach, "[t]here will rarely be a basis for [an] *a priori* judgment that the termination or discipline of a public employee violated 'clearly established' constitutional rights." *Noyola v. Texas Dep't of Human Resources*, 846 F.2d 1021, 1025 (5th Cir.1988). Because no bright-line standard puts the reasonable public employer on notice of a constitutional violation, the employer is entitled to immunity except in the extraordinary case where *Pickering* balancing would lead to the inevitable conclusion that the discharge of the employee was unlawful. This is not such a case.

Dartland argues, and the district court agreed, "that before terminating an employee for speech on a matter of public concern, ... the official must, at least, make a legitimate attempt to weigh the competing interests before he is entitled to qualified immunity." Brief of the Appellee at 10; *Dartland*, 681 F.Supp. at 1546 ("official is entitled to qualified immunity if his decision is based on a legitimate attempt to balance"). The Supreme Court has never held that employers must go through a balancing process. Instead, the Supreme Court has held that the *courts* are to "reach the most appropriate possible balance of the competing interests." *Connick v. Myers*, 461 U.S. 138, 150, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708, 722 (1983). In an employee discharge case, the event that gives rise to the lawsuit is the firing, not the employer's failure to engage in the mechanics of balancing. Whether the particular employer tried to strike a *Pickering* balance does not determine the outcome of the question of immunity. Failure to apply the *Pickering* balancing test does not sub-

---

**2.** The first amendment protects Dartland's expression only if his speech addressed a matter of public concern. "[W]hen a public employee speaks not ... upon matters of public concern, but instead ... upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken ... in reaction to the employee's behavior." *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708, 720 (1983). Because the parties do not dispute this threshold issue, we accept without discussion the parties' assumption that the subject matter of Dartland's speech was of public importance.

ject an official to personal liability if that official's final act toward the employee is objectively reasonable. There is no cause of action against Pereira unless the law clearly proscribed the firing of Dartland under these circumstances by any county manager whether that manager tried to strike the *Pickering* balance or not.

We need not decide the precise result of applying the *Pickering* balancing test to this case. We must decide only whether the result would be such that a reasonable official in Pereira's place would necessarily know that the termination of Dartland under these circumstances violated Dartland's constitutional rights. On Dartland's side of the *Pickering* scale is his interest in expressing his opinion. Although we assume for purposes of this appeal that Dartland's expression touches a matter of public importance, this assumption does not require us to give the speech the same weight we would give to a simple statement of opinion. "[T]he State's burden in justifying a particular discharge varies depending upon the nature of the employee's expression." *Connick*, 461 U.S. at 150, 103 S.Ct. at 1692, 75 L.Ed.2d at 722. "[T]he manner, time, and place in which" the employee's expression was aired are relevant. *Id.*, 461 U.S. at 152–53, 103 S.Ct. at 1693, 75 L.Ed.2d at 723. The manner of Dartland's message was rude and insulting. Although Dartland possessed a constitutional interest in expressing his view on a matter of public importance, the insulting nature of his words gives his speech an element of personal as opposed to public interest.

On the other side of the scale is Pereira's need to maintain loyalty, discipline and good working relationships among those he supervises. *See Pickering*, 391 U.S. at 570–73, 88 S.Ct. at 1735–37, 20 L.Ed.2d at 820. Although Dartland worked somewhat independently, he served under the supervision of the County Manager. Dade County, Fla., Metropolitan Code of Dade County, art. IIIA, sec. 2–25.1. Dartland had broad discretion under the Dade County Code in representing the public interest, but the Code required him to consider the recommendations of the County Manager. *Id.* sec. 2–25.4. Perhaps most important,

the Consumer Advocate is appointed by and serves at the will of the County Manager. *Id.* sec. 2–25.1. The power to fire with or without cause implies that the Consumer Advocate should be responsive to the policy choices of the County Manager. At the least, because the Consumer Advocate is an at-will employee, the County Manager has the absolute right to fire him if the Consumer Advocate refuses to carry out the County Manager's policies. A reasonable County Manager could have concluded that Dartland evidenced contempt for the policy choices of the County Manager as well as personal ill will toward Pereira. Thus, Dartland's action arguably undercut the proper functioning of the Consumer Advocate's office as a part of county government.

Even if the Consumer Advocate is intended to be independent of the County Manager's influence so that Dartland's expression would not affect his proper functioning as Consumer Advocate, a reasonable County Manager could take into account the potential effect of Dartland's insulting speech on the Manager's other subordinates. Pereira's ability to command the respect and loyalty of subordinates might be impaired if he did not fire a subordinate who publicly called him a "paid lackey." Under *Pickering*, it is unclear that Dartland's termination violated the first amendment.

The Supreme Court, in *Connick*, performed *Pickering* balancing in a case similar to this one. Although the Court found no showing that the expression therein hindered the employee's ability to do her work, the Court attached special significance to the context in which the dispute arose: "When employee speech concerning office policy arises from an employment dispute concerning the very application of that policy to the speaker, additional weight must be given to the supervisor's view that the employee has threatened the authority of the employer to run the office." *Connick*, 461 U.S. at 151, 153, 103 S.Ct. at 1692–93, 75 L.Ed.2d at 723–24. The limited first amendment interest involved when the employee complained about office policy did not require the employer to "tolerate action which he reasonably believed would disrupt the office, un-

dermine his authority, and destroy close working relationships." *Id.*, 461 U.S. at 154, 103 S.Ct. at 1694, 75 L.Ed.2d at 724. Although the first amendment interest in Dartland's case seems greater than that involved in *Connick*, we believe that a reasonable public employer could have believed, based on the holding and rationale of judicial opinions such as *Connick*, that Dartland's termination did not violate the first amendment.

Because a reasonable person in Pereira's position could have concluded that Dartland's termination was constitutionally permissible, we REVERSE the district court's order denying summary judgment and REMAND with instructions to enter summary judgment in favor of the defendant Sergio Pereira.