**1544**

Walter DARTLAND, Plaintiff,

v.

METROPOLITAN DADE COUNTY, etc., et al., Defendants.

No. 86–2114–CIV.

United States District Court, S.D. Florida, Miami Division.

July 31, 1989.

Marilyn Sher, Coral Gables, Fla., for plaintiff.

Murray A. Greenberg and Lee Kraftchick, Asst. County Attys., Miami, Fla., for defendants.

MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER DENYING DADE COUNTY'S MOTION FOR SUMMARY JUDGMENT

According to Rule 56(c) Fed.R.Civ.P. summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Defendant, Sergio Pereira, previously filed a motion for summary judgment regarding a civil rights action under 42 U.S.C.A. § 1983 on the basis of qualified immunity. This Court denied Pereira's motion. *Dartland v. Metropolitan Dade County,* 681 F.Supp. 1539 (S.D.Fla.1988). Pereira appealed and the Court of Appeals for the Eleventh Circuit reversed this Court's order denying summary judgment and remanded with instructions to enter summary judgment in favor of Pereira. *Dartland v. Metropolitan Dade County,* 866 F.2d 1321 (11th Cir.1989). The Eleventh Circuit held that Pereira's discharge of Dartland did not clearly violate Dartland's First Amendment rights, and thus Pereira was entitled to qualified immunity. *See Dartland,* 866 F.2d 1321. The Eleventh Circuit found that "[b]ecause a reasonable person in Pereira's position could have concluded that Dartland's termination was constitutionally permissible" Pereira was entitled to summary judgment. *Dartland,* 866 F.2d at 1325. Defendant, Dade County, now brings its motion for summary judgment, asserting that because the Eleventh Circuit held that Defendant, Pereira, was entitled to qualified immunity, thus, Dade County is also entitled to summary judgment based on the language contained in the Eleventh Circuit's opinion.

■ The parties agree that Dartland's speech did touch upon a matter of public concern, but this does not end the inquiry. Once it is determined that an employee's speech relates to a matter of public concern, the Court must then balance "the interest of the [employee] as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968). Therefore, all that remains at issue in this case is the *Pickering* balance test which Dade County asserts is a question of law for the Court to decide.

The County, in its brief, summarized the language contained in the Eleventh Circuit's opinion as follows:

"On Dartland's side of the *Pickering* scale is his interest in expressing his opinion of [Pereira's] proposal to merge the Consumer Advocate position into another department. *Dartland v. Metropolitan Dade County*, 866 F.2d 1321, 1324 (11th Cir.1989). This interest is limited, however, by the "rude and insulting" manner of Dartland's speech. *Id.* at 1324. The "insulting nature of his words gives his speech an element of personal as opposed to public interest." *Id.*

... "On the other side of the scale is Pereira's need to maintain loyalty, discipline and good working relationships among those he supervises." *Id.* ... [a]lthough Dartland worked somewhat independently, he also served under [Pereira's] supervision ... [and] was "appointed by and serve[d] at the will of the County Manager." *Id.* ... The County Manager could reasonably conclude from Dartland's insulting statements that he harbored "contempt for the policy choices of the County Manager as well as personal ill will toward Pereira." *Id.* ... [Thus,] "Pereira's ability to command the respect and loyalty of subordinates might be impaired if he did not fire a subordinate who publicly called him a "paid lackey.'" *Id.*

The County argues that this discussion must lead this Court to conclude that summary judgment should also be granted in favor of Dade County.

Dartland agrees with Dade County that the application of the *Pickering* balancing test must be applied by the trier of fact; however, Plaintiff argues that certain factual matters must yet be determined before applying the *Pickering* balancing test. *See Schneider v. City of Atlanta*, 628 F.2d 915, 920 (5th Cir.1980); *Lewis v. Harrison School District No. 1*, 805 F.2d 310, 315 (8th Cir.1986).

■ The Court agrees with Plaintiff. These factual matters are (1) whether the Plaintiff's speech undercut the proper functioning of the Consumer Advocate's office and (2) whether Plaintiff's speech would impair the Manager's ability to command the loyalty and respect of subordinates. *See Lewis*, 805 F.2d at 315.

"In order for the government to constitutionally remove an employee from government service for exercising the right of free speech, it is incumbent upon it to clearly demonstrate that the employee's conduct substantially and materially interferes with the discharge of duties and responsibilities inherent in such employment." *Smith v. United States*, 502 F.2d 512, 517 (5th Cir.1974); *citing Battle v. Mulholland*, 439 F.2d 321 (5th Cir.1971).[1] In *Smith*, the court addressed this factual issue by considering the testimony of government officials at an administrative hearing.

When asked how much Dartland's statements would affect his ability to act or operate as a County Manager, Pereira replied, "[i]t is not a question of affecting my ability or non-ability as a County Manager. Anybody who works for me ... has to demonstrate a certain degree of loyalty, respect and confidence, and to go out publicly and express it. If there is that kind of public disagreement, that means there is a

---

1. Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

basic lack of confidence in that person whom you are supposed to work for, and I think the best thing to do is to part and that is what I chose to do about it." (Deposition Pereira, Page 14). Therefore, the record to date is devoid of any evidence that Dartland's speech undercut the operation of the Consumer Advocate's office. Defendant, Dade County, has not "demonstrate[d] that [Dartland's] conduct substantially and materially interfere[d] with the discharge of duties and responsibilities inherent in such employment." *Smith*, 502 F.2d at 517.

At the very least, these factual issues still remain for jury determination before the Court can apply the *Pickering* balancing test. Accordingly, it is hereby

ORDERED AND ADJUDGED that Metropolitan Dade County's Motion for Summary Judgment is DENIED.

DONE AND ORDERED.