Laurianne F. HELTON, Plaintiff,

v.

Jack HAWKINS, in his official capacity
and as an individual, et al.,
Defendants.

No. Civ.A. 97–T–1686–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 15, 1998.

Kimberly O. Fehl, Montgomery, AL, for Plaintiff.

Nicholas J. Cervera, Cervera & Ralph, Troy, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Laurianne F. Helton brought this lawsuit alleging that the defendants, Jack Hawkins, Charlotte Davis, and Herbert Reeves, in both their official and individual capacities, forced her to resign from her position with Troy State University, also popularly known as TSU, without a proper hearing, thus denying her due process of law in violation of the fourteenth amendment to the United States Constitution, as enforced by 42 U.S.C.A. § 1983. She also alleges claims of fraud and wantonness under Alabama state law. Jurisdiction is asserted under 28 U.S.C.A. §§ 1331 (general federal question), 1343 (civil rights), and 1367 (supplemental). The case is now before the court on the defendants' motion to dismiss, filed April 22, 1998.

## I. MOTION–TO–DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Fed.R.Civ.P. 12(b), *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The lawsuit may not be dismissed unless the plaintiff can prove no set of facts supporting the relief requested. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).

## II. DISCUSSION

In their motion to dismiss, the defendants raise two arguments in support of dismissal of the federal claim in this lawsuit: first, the defendants are entitled to qualified immunity on Helton's federal claim against them in their 'individual capacities,' and, second, the eleventh amendment to the United States Constitution bars Helton's federal claim against the defendants in their 'official capacities.' The court discusses both of these arguments below, in addition to other issues: the first being whether the court should *sua sponte* dismiss Helton's federal claim because she has failed to state a claim upon which relief can be granted, and the second being whether the court should decline to exercise its supplemental jurisdiction over Helton's state-law claims.

### A. Helton's Federal Claim against the Defendants in Their Individual Capacities

The defendants argue that, for any claim for damages under § 1983 against them in their individual capacities, they are entitled to qualified immunity. The court begins by setting forth the law governing qualified immunity.

■ The doctrine of qualified immunity insulates government agents from personal liability for money damages for actions taken in good faith pursuant to their discretionary authority. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Greason v. Kemp,* 891 F.2d 829, 833 (11th Cir.1990). As established by the Supreme Court in *Harlow,* the test for "good faith" or qualified immunity turns primarily on the objective reasonableness of the officials' conduct in light of established law: "governmental officials ... generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. Where the law that the defendants allegedly violated was not clearly established at the time of the alleged offense, the defendants are entitled to qualified immunity. *Id.* at 807, 102 S.Ct. at 2732; *Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1503 (11th Cir.1990). If the law was clearly established, however, the immunity defense will fail since "a reasonably competent public official should know the law governing his conduct." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

■ A two-step analysis is followed to determine whether public officials are entitled to qualified immunity. *Sims v. Metropolitan Dade County,* 972 F.2d 1230, 1236 (11th Cir. 1992). First, the defendants must prove that they were acting within the scope of their discretionary authority at the time of the allegedly unconstitutional conduct. *Id.* Once this is shown, the burden shifts to the plaintiff to prove that the defendants' actions violated clearly established statutory or constitutional law. *Id.; Busby v. City of Orlando,* 931 F.2d 764, 773 (11th Cir.1991) *Dartland v. Metropolitan Dade County,* 866 F.2d 1321, 1322 (11th Cir.1989).

■ As the Supreme Court recently indicated, the preferred mode of analyzing whether the defendants' actions violated clearly established statutory or constitutional law is as follows: first, the court must "determine ... whether the plaintiff has alleged a deprivation of a constitutional right at all. Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis,* —— U.S. ——, —— n. 5, 118 S.Ct. 1708, 1714 n. 5, 140 L.Ed.2d 1043, —— n. 5118 (1998); *see also Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all," and courts should not "assum[e], without deciding, this preliminary issue."). The Supreme Court noted that this preferred mode of analysis, while contradicting "the generally sound rule of avoiding determination of constitutional issues," is still appropriate because, "if the policy of avoidance were always followed in favor of ruling on qualified immunity whenever there was no clearly settled constitutional rule of primary conduct, standards of official conduct would

tend to remain uncertain, to the detriment both of officials and individuals. An immunity determination, with nothing more, provides no clear standard, constitutional or non-constitutional." *Id.*

If the court determines that the plaintiff has not alleged a deprivation of a constitutional right, then inquiry is over, for it would follow perforce that such right was not clearly established. However, if the court determines that the plaintiff has, in fact, alleged a deprivation of a constitutional right, then further inquiry is needed as to whether that right was 'clearly established' at the time of the defendants' alleged violation of the right; and, of course, the violation of the clearly established right must be self-evident from the factual allegations set forth by the plaintiff in her complaint. *Rich v. Dollar,* 841 F.2d 1558, 1564 (11th Cir.1988).

In order for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Lowe v. Aldridge,* 958 F.2d 1565, 1570 (11th Cir.1992) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law, the unlawfulness must be apparent." *Id.* In determining the state of the law, this court must look to "the law originating in [the Eleventh] Circuit, as well as the Supreme Court, the courts of appeals, and the district courts." *Leeks v. Cunningham,* 997 F.2d 1330, 1333 (11th Cir.1993); *Greason,* 891 F.2d at 833. Therefore, for the plaintiff to defeat the defendants' request for dismissal on qualified immunity grounds, she must show that the right she is claiming was "clear, factually-defined, [and] well-recognized" at the time of the defendants' conduct. *Dartland,* 866 F.2d at 1321; *see also Bates v. Hunt,* 3 F.3d 374, 379 (11th Cir.1993).

On the question of whether the defendants' violation of the clearly established right is self-evident from the plaintiff's complaint, the court notes that the Eleventh Circuit Court of Appeals imposes a "heightened pleading requirement" on a plaintiff when confronted with a motion to dismiss. *GJR Investments, Inc. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir.1998). Even though Rule 8 of the Federal Rules of Civil Procedure generally gives a plaintiff considerable leeway in pleading his case, this heightened pleading requires more detailed allegations by the plaintiff where the court is confronted with a claim of qualified immunity because the court must have more specific information before it to evaluate adequately such a claim on a motion to dismiss. *Id.* Consequently, under current Eleventh Circuit law, the plaintiff must come forward with specific facts, concerning each defendant, indicating that each defendant has not only violated a constitutional right, but a clearly established one. Otherwise, when presented with a motion to dismiss, the court must conclude that the defendants, sued in their individual capacities, are entitled to qualified immunity.

Admittedly, the viability of the Eleventh Circuit's heightened pleading requirement for qualified immunity claims has been significantly called into doubt by a recent Supreme Court decision that rejected a District of Columbia Circuit rule that required heightened proof of improper intent for constitutional claims. *See Crawford–El v. Britton,* — U.S. —, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Specifically, the Court indicated in *Crawford–El v. Britton* that it has "consistently declined ... invitations to revise established rules that are separate from the qualified immunity defense," and thus, in line with this practice, it is not the role of the courts to fashion heightened requirements. *Id.* — U.S. —, 118 S.Ct. at 1595. "[Q]uestions regarding pleading, discovery, and summary judgment are most frequently and most effectively resolved either by the rulemaking process or the legislative process." *Id.* (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168–69, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993)).

The Supreme Court further emphasized that trial courts are not without means, under already existing procedures, to "protect[ ] the substance of qualified immunity." *Id.* — U.S. —, 118 S.Ct. at 1596. Prior to

permitting any discovery at all, "the court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil Procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff 'put forward specific, nonconclusory factual allegations.'" *Id.* (quoting *Siegert*, 500 U.S. at 236, 111 S.Ct. at 1795) (Kennedy, J., concurring in judgment). If the plaintiff's action survives initial dismissal and "is otherwise viable, the plaintiff ordinarily will be entitled to some discovery." *Id.* However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Id.* As the Supreme Court explained: "The trial judge can ... manage the discovery process to facilitate prompt and efficient resolution of the lawsuit; as the evidence is gathered, the defendant-official may move for partial summary judgment on objective issues that are potentially dispositive and are more amenable to summary disposition than disputes about the official's intent, which frequently turn on credibility assessments. Of course, the judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible." *Id.* —— U.S. ——, 118 S.Ct. at 1597.

However, whether the Eleventh Circuit's heightened pleading requirement survives *Crawford–El v. Britton* is an issue this court need not reach. *Compare Florida League of Professional Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir.1996) (a court panel was "not at liberty to disregard binding case law that is so closely on point and has only been weakened"), *cert. denied*, —— U.S. ——, 117 S.Ct. 516, 136 L.Ed.2d 405 (1996); *United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir.1997) ("even where it has been weakened, but not overruled, by a Supreme Court decision, prior panel precedent must be followed"), *cert. denied*, —— U.S. ——, 118 S.Ct. 614, 139 L.Ed.2d 500 (1997), *with Cottrell v. Caldwell*, 85 F.3d 1480, 1484–85 (11th Cir. 1996) (Because applicable prior circuit decisions "preceded [a Supreme Court decision] and cannot be reconciled with it," the Supreme Court decision must be followed.);

*United States v. Shenberg*, 89 F.3d 1461, 1480 n. 23 (11th Cir.1996) (court declined to apply a prior panel decision in light of a more recent Supreme Court ruling that explicitly rejected the rationale underlying the prior decision), *cert. denied*, —— U.S. ——, 117 S.Ct. 961, 136 L.Ed.2d 847 (1997). Under either the heightened pleading requirement or the regular pleading requirements, Helton's federal claim, as currently set forth, is insufficient, as the court will now explain.

■ Neither of the parties addresses whether the defendants were acting within their discretionary authority. Nonetheless, for the purposes of this analysis, the court assumes that the defendants were acting within their discretionary authority, and moves on to the next step, which is to determine if Helton has alleged a violation of a constitutional right at all. Helton is advancing a § 1983 claim of denial of due process, but § 1983 does not create any rights of its own, and simply allows for redress of violations of other rights. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979). The court must therefore look to the due process clause to see if Helton has adequately stated a claim. In this lawsuit, Helton alleges that she was forced by the defendants to resign from her job with TSU, a state university, without a proper hearing. This, Helton claims, constitutes a violation of due process because she has a property interest in her job, which gives rise to a right to due process.

In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court discussed the basic principles governing the existence of property interests subject to procedural due process protections: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it .[She] must have more than a unilateral expectation of it. [She] must, instead, have a legitimate claim of entitlement to it." *Id.* 408 U.S. at 577, 92 S.Ct. at 2709. The Court further explained how such a claim of entitlement may be created: "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or under-

standings that stem from an independent source such as state law...." *Id.*

In *Perry v. Sindermann,* a companion case to *Roth,* the Supreme Court reiterated the conceptual basis for the creation of property rights: "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support [her] claim of entitlement to the benefit...." 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

 The crux of this standard is that Helton must allege the basis upon which the property interest is created for her job. As stated by the Supreme Court, this basis could be state law, which may establish that she is entitled to some type of procedure before being dismissed. For example, if Helton had been 'tenured' at TSU, she might have such a property interest. "[P]ublic employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process." *Gilbert v. Homar,* —— U.S. ——, ——, 117 S.Ct. 1807, 1811, 138 L.Ed.2d 120 (1997) (citing *Roth,* 408 U.S. at 578, 92 S.Ct. at 2709–2710; *Perry,* 408 U.S. at 602–603, 92 S.Ct. at 2700–2701); *see also Blanton v. Griel Memorial Psychiatric Hosp.,* 758 F.2d 1540, 1542 (11th Cir.1985) ("It is well settled that a permanent employee in the classified service, whose employment may be terminated only for cause, has a property interest in his continued employment, and is entitled to due process protections."). The mere fact of her employment by a state agency, however, which is all that she has alleged in her complaint, is insufficient to establish a property interest in her job. *See Blanton,* 758 F.2d at 1542 ("a state employee who may be discharged at will under state law does not have a property interest in [her] continued employment, and is not entitled to the protections of due process."). Without an affirmative pleading of facts establishing her property interest in her job, Helton could have been terminable at will, and there would be no basis for a constitutional violation. Accordingly, because there is a fundamental element of her claim missing, Helton has not alleged a deprivation of a constitutional right. The court, therefore, need not proceed beyond the first stage of the Supreme Court's qualified immunity analysis, and the court will dismiss Helton's request for damages against the defendants in their individual capacities, unless she amends her complaint to state such a violation. Helton is reminded that any attempt to amend her complaint must comply with subsection (b) of Rule 11 of the Federal Rules of Civil Procedure.

### B. Helton's Federal Claim against the Defendants in Their Official Capacities

 A federal court's power to entertain lawsuits by an individual against a state is limited by the eleventh amendment to the United States Constitution. "[A] suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* And, in addition to including claims brought under federal law, this bar also includes claims brought under state law, because "neither [supplemental] jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Id.* 465 U.S. at 121, 104 S.Ct. at 919. Furthermore, under federal law, and under the law of Alabama, "state universities, including Troy State University, are agencies or instrumentalities of the state" for eleventh amendment purposes. *Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir.1985) (citing *Massler v. Troy State Univ.,* 343 So.2d 1 (Ala.1977); *Ellison v. Abbott,* 337 So.2d 756 (Ala.1976)). Based on these principles, on March 16, 1998, the court dismissed TSU as a defendant in this case.

 An additional principle that is now relevant to this case is that "the Eleventh Amendment bar[on] damages action[s] against a State in federal court.... remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). In light of this principle, the court will dismiss all claims for damages against the defendants in their official capacities.

The court emphasizes that this ruling does not eliminate all requests for relief against the defendants in their official capacities. The eleventh amendment does not insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law. *See Edelman v. Jordan,* 415 U.S. 651, 664–71, 94 S.Ct. 1347, 1356–60, 39 L.Ed.2d 662 (1974) (when plaintiff sues state official for violation of federal law, court may enjoin official's future conduct, but may not grant retroactive monetary relief that state will pay). The eleventh amendment also does not bar monetary relief, including costs, ancillary to the prospective injunctive relief. *Graham,* 473 U.S. at 169 n. 18, 105 at 3107 n. 18 (citing *Edelman,* 415 U.S. at 667–68, 94 S.Ct. at 1357–58). Thus, Helton may sue the defendants in their official capacities for prospective injunctive relief and costs associated with that relief. *Pennhurst,* 465 U.S. at 102–03, 104 S.Ct. at 909.

Nonetheless, even though the court has concluded that Helton may sue for prospective injunctive relief, Helton is not home free. It is within a district court's reserve of power to *sua sponte* dismiss a lawsuit for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, " 'as long as the procedure employed is fair.' " *Bazroux v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 301 (2d ed.1990)). Such fair procedure includes allowing service of the complaint on the defendants, notice to all parties of the court's intention to dismiss, a statement of the reasons for the dismissal, and providing the plaintiff with an opportunity to either amend her complaint or respond to the basis for dismissal. *See Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526–27 (11th Cir. 1983); *see also Wyatt v. City of Boston,* 35 F.3d 13, 14–15 (1st Cir.1994) ("a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint. Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue."); *Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir.1991) ("a district court *sua sponte* may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process."); *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988) (*sua sponte* dismissal of complaint for failure to state a claim improper unless the plaintiff given notice and an opportunity to respond).

For the reasons stated above, Helton has not alleged a violation of a constitutional right at all because she has failed to plead a crucial element of her claim—the basis for her property interest in her job. Accordingly, unless Helton amends her complaint to state a claim under the due process clause of the fourteenth amendment, the court will dismiss Helton's § 1983 prospective injunctive relief claim.

C. Helton's State–Law Claims against the Defendants

If Helton's federal law claim should be dismissed in its entirety, the court will then, pursuant to the court's power provided in 28 U.S.C.A. § 1367(c)(3), decline to exercise supplemental jurisdiction over Helton's state-law claims for fraud and wantonness and these claims will be dismissed, albeit without prejudice to being refiled in state court. *See L.S.T., Inc. v. Crow,* 49 F.3d 679, 685 (11th Cir.1995) (per curiam). With this order, Helton in now on notice of this option, and the fact that the court will exercise it. Of course, should Helton amend her complaint to allege an adequate basis for her federal claim, the court will entertain her state claims.

III. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

(1) Defendants Jack Hawkins, Charlotte Davis, and Herbert Reeves's motion to dismiss, filed April 22, 1998, is granted to the extent that plaintiff Laurianne F. Helton's federal claim as to damages against defendants Hawkins, Davis, and Reeves, in their official capacities, is dismissed.

(2) Unless, by July 22, 1998, plaintiff Helton amends her complaint to plead adequate-

ly a violation of the due process clause of the fourteenth amendment to the United States Constitution, as set forth in this order:

(a) Plaintiff Helton's federal claim as to damages against defendants Hawkins, Davis, and Reeves, in their individual capacities, will be dismissed as barred by the qualified immunity;

(b) Her federal claim as to injunctive relief against defendants Hawkins, Davis, and Reeves, in their official capacities, will be dismissed for failure to state claim; and

(c) Her state-law claims will be dismissed without prejudice to being refiled in state court pursuant to 28 U.S.C.A. § 1367(c)(3).

The clerk of the court is DIRECTED to provide a copy of this order to counsel via facsimile. The court notes that it has only allowed a seven-day period for Helton to amend her complaint due to the quickly approaching trial date of August 24, 1998.