[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13020

Non-Argument Calendar

_____

WARREN DARLOW,

Plaintiff-Appellee,

versus

FRANK BABINECK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:21-cv-60083-RAR

———————————

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Babinec, the City Manager of Coral Springs, appeals the district court's denial of qualified immunity from Warren Darlow's claim of First Amendment retaliation under 42 U.S.C. § 1983. On appeal, Babinec argues that the district court erred in denying his motion to dismiss because Darlow failed to state a viable claim. He also argues that the court erred in denying him qualified immunity because it was not clearly established that Darlow's speech touched on a matter of public concern.

Darlow brought suit under 42 U.S.C. § 1983 against Babinec and the City of Coral Springs after he was fired by Babinec for posting a meme of George Floyd with pink skin on his Facebook page. He alleged in his complaint that Babinec terminated his employment solely as a result of the post. Babinec and the City filed a motion to dismiss, arguing that the complaint failed to state a viable claim and that Babinec was entitled to qualified immunity. They argued that Darlow had not spoken on a matter of public concern and even if he had, the *Pickering*[1] balancing test required dismissal. The district court granted the motion in part, dismissing

———————————

[1] *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563 (1986).

the claim against the City but denied it as to Babinec.  The court held that Darlow sufficiently pled that he spoke as a private citizen and that his speech involved a matter of public concern.  However, the next part of the *Pickering* test involved balancing the employee's free speech interest against the interest of the government in promoting the efficiency of the public services it performs, which required more information than was in the record to resolve.  Thus it held that it was premature to decide the issue.  Babinec expressly declines to challenge the district court's ruling that deferred the *Pickering* balancing issue to the summary judgment stage.  Accordingly, we, like the district court, express no opinion on the *Pickering* balance.  Therefore, the sole issue we address on appeal is whether the district court erred in failing to dismiss Darlow's complaint for failure to plausibly allege that Darlow's speech involved a matter of public concern.

We review *de novo* whether a complaint sufficiently alleges a constitutional violation and a district court's denial of qualified immunity.  *Carollo v. Boria*, 833 F.3d 1322, 1328 (11th Cir. 2016).  "In reviewing a complaint, we accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff."  *Id.*

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While detailed factual allegations are not required, a pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Id.* To be facially plausible, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

A public employee may not be discharged in retaliation for speech protected under the First Amendment. *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989). To sustain a claim of retaliation for engaging in protected speech, the employee must show that (1) his speech is on a matter of public concern; (2) his speech interest outweighs the employer's interest in prohibiting the speech to promote the efficiency of its public services; and (3) the speech played a substantial role in the employer's decision to discharge the employee. *Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759-60 (11th Cir. 2006). An employee's speech receives constitutional protection only if the employee spoke as a citizen on a matter of public concern. *Id.* at 760.

The First Amendment reflects "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *N.Y. Times v. Sullivan*, 376 U.S. 254, 270 (1964). Accordingly, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Connick v. Myers*, 461 U.S. 138, 145 (1983). Speech involves matters of public concern "when it can 'be fairly considered as relating to any matter of political, social, or

other concern to the community,' or when it 'is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.'" *Lane v. Franks*, 573 U.S. 228, 241 (2014) (quoting *Snyder v. Phelps*, 562 U.S. 443, 453 (2011)). Whether an employee's speech involves a matter of public concern is determined by analyzing the speech's content, form, and context. *Id.* at 147-48. The arguably inappropriate or controversial nature of the speech at issue is not relevant to the question of whether that speech involves a matter of public concern. *Rankin v. McPherson*, 483 U.S. 378, 387 (1987).

In the event the speech is protected, a balancing test applies to weigh the employee's free speech interest against the interest of the government in promoting the efficiency of the public services it performs. *Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563, 568 (1986). If the employee's interest outweighs the government's interest, the court must then determine whether the speech played a substantial part in the government's decision to discharge the employee. *Fikes v. City of Daphne*, 79 F.3d 1079, 1084 (11th Cir. 1996). If it did, the court must determine whether the government has shown that it would have made the same employment decision regardless of the protected conduct. *Id.* at 1085. As noted above, we do not address the *Pickering* balancing issue in this appeal.

Government officials performing discretionary functions are entitled to qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a

reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation omitted). Accordingly, to determine whether qualified immunity applies, a court should determine whether the facts alleged by the plaintiff established a violation of a constitutional right, and, if so, whether that right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Once the plaintiff has established his complaint pleads a plausible claim that the defendant violated his rights, he must then show that those rights were clearly established at the time the alleged violation occurred. *See Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017).

Qualified immunity applies if a reasonable person could have believed that his act complied with federal law. *Dartland v. Metro. Dade Cnty.*, 866 F.2d 1321, 1323 (11th Cir. 1989). When we consider whether the law clearly established the relevant conduct as a constitutional violation at the time that defendants engaged in the challenged acts, we look for "fair warning" to officers that the conduct at issue violated a constitutional right. *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citations and quotation marks omitted). "Fair warning" comes in the form of binding caselaw from the Supreme Court, the Eleventh Circuit, or the highest court of the state that "make[s] it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates a federal law." *Priester v. City of Riviera Beach*, 208 F.3d 919, 926 (11th Cir. 2000) (citation omitted).

A plaintiff may demonstrate in any one of three ways that a defendant had "fair warning" that the right he violated was clearly established. *Loftus v. Clark–Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (citation and internal quotation marks omitted). First, a plaintiff may point to binding precedent that is materially similar. *Id.* This method requires us to consider "whether the factual scenario that the official faced is fairly distinguishable from the circumstances facing a government official in a previous case." *Id.* (citation and internal quotation marks omitted).

Second, a plaintiff may invoke a "broader, clearly established principle" that he asserts "should control the novel facts [of the] situation." *Id.* at 1204–05 (citation and internal quotation marks omitted). Because "fair warning" is the driving force behind a determination that a right has been clearly established, when a plaintiff proceeds in this way, he must show that caselaw demonstrated the principle with "obvious clarity . . . so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." *Id.* at 1205 (citation and internal quotation marks omitted). The violation of a right may also fall into this category when "[t]he reasoning, though not the holding of prior cases, . . . send[s] the same message to reasonable officers in novel factual situations." *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005) (citation and internal quotation marks omitted).

Finally, a right is "clearly established" when the defendant's conduct "lies so obviously at the very core of what the [relevant

constitutional provision] prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Terrell v. Smith*, 668 F.3d 1244, 1257 (11th Cir. 2012).

In *Rankin v. McPherson*, 483 U.S. 378 (1987), the Supreme Court addressed the issue of what constitutes a matter of public concern. There, the fired employee had commented on the assassination attempt of the President. The Court stated that "it plainly dealt with a matter of public concern," pointing out that the comment was made after the announcement of the attempt. 483 U.S. at 387. This Court has also held that speech concerning racial matters can involve matters of public concern. *See, e.g., Belyew v. Coosa Cnty. Bd. of Educ.*, 998 F.2d 925, 927-28 (11th Cir. 1993) (holding that speech constituted a matter of public concern when a black teacher's employment was not renewed because she advocated at a PTA meeting in a recently integrated high school that students should be informed during Black History Month of contributions of Black Americans); *see also Leonard v. City of Columbus*, 705 F.2d 1299 (11th Cir. 1983).

Darlow plausibly alleged a violation of his First Amendment free speech rights. His complaint plausibly alleged that he spoke as a citizen on a matter of public concern when it alleged that his employment was terminated because of a post he made to a private social media group commenting on the state of politics following

21-13020                Opinion of the Court                9

the death of George Floyd.[2]  Like the assassination attempt on the president, it is clear that the death of George Floyd and the resulting events were matters of public concern because at the time of the post, they were being discussed extensively in the news.  *See Rankin*, 483 U.S. at 387.  We cannot conclude that Darlow's meme of George Floyd with pink skin is anything other than commentary on the racial issues raised by the George Floyd incident. We conclude that it is a matter of obvious clarity from binding caselaw, *see, e.g., Rankin*, 483 U.S. at 387, and *Belyew*, 998 F.2d at 927-28, that Darlow's speech involves a matter of public concern.  Because he only challenged the court's determination of the first *Pickering* step (i.e., the public concern step), and we agree with the district court in that regard, the decision of the district court is affirmed.

For foregoing reasons, the judgment of the district court that Darlow's speech involves a matter of public concern and that Babinec is not entitled to qualified immunity with respect to this issue is

AFFIRMED.

_____

[2] As conceded by Babinec, the fact that the venue of Darlow's speech was a private Facebook post does not affect its status as speech on a matter of public concern. *See O'Laughlin v.  Palm Beach Cnty.*, 30 F.4th 1045, 1052 (11th Cir. 2022) ("[T]he law is well-settled that a public employee does not forfeit his free-speech rights simply because he chooses to communicate privately rather than publicly," relying upon a 1979 Supreme Court decision and several Eleventh Circuit decisions decided well before the incidents in this case).