793 So.2d 41 (2001)
Cordette WOODHAM, Appellant,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Appellee.
No. 3D00-2277.
District Court of Appeal of Florida, Third District.
May 30, 2001.
Opinion Denying Rehearing and Granting Certification September 12, 2001.
*42 Lisa Fletcher-Kemp, for appellant.
Coffman, Coleman, Andrews & Grogan and Patrick Coleman, Jacksonville, for appellee.
Before LEVY, SHEVIN and RAMIREZ, JJ.
SHEVIN, Judge.
Cordette Woodham appeals a final summary judgment in favor of Blue Cross and Blue Shield of Florida, Inc. ["BCBS"]. We affirm and hold that Woodham was required to pursue the administrative remedies outlined in section 760.11(7), Florida Statute (1999), before bringing this action in circuit court.

Facts
Woodham, an African-American, filed an action against BCBS, her former employer, under the Florida Civil Rights Act, §§ 760.01-.11, Fla. Stat. (1999), asserting that BCBS engaged in discriminatory practices against her. Woodham asserted that she was twice denied a promotion on the basis of her race despite years of experience working with BCBS. Moreover, Woodham asserted that her BCBS supervisor was systematically directing additional assignments to other personnel, hence depriving Woodham of the opportunity to earn credits towards a promotion. After Woodham brought the matter to the supervisor's attention, and to the manager's attention, she was allegedly subjected to a tirade of retaliation and harassment.
Before bringing her lawsuit, Woodham filed a discrimination charge against BCBS with the United States Equal Employment Opportunity Commission ["EEOC"]. This action operated as a dual filing with the Florida Commission on Human Relations ["FCHR"], pursuant to the EEOC/FCHR workshare agreement. See Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Wells Fargo Guard Serv., Inc. v. Lehman, 25 Fla. L. Weekly D2307 (Fla. 3d DCA Sept.27, 2000); Sweeney v. Florida Power & Light Co., 725 So.2d 380 (Fla. 3d DCA 1998).
Woodham did not receive a determination within the 180 days contemplated in section 760.11(3). Over 300 days after filing the charge, Woodham requested a right to sue letter from the EEOC. The EEOC issued Woodham a "no cause" determination, a Dismissal and Notice of Rights, on her claim.[1] Woodham subsequently filed *43 her lawsuit in Miami-Dade County Circuit Court.
In response to Woodham's action, BCBS filed a motion for summary judgment. The trial court granted BCBS's motion finding that Woodham's claim was barred because Woodham failed to request an administrative hearing upon receipt of the "no cause" determination as required in section 760.11(7). We agree with the trial court's ruling.

Discussion
This case presents us with an issue of first impression: Whether an aggrieved person may disregard the administrative hearing requirement in section 760.11(7) if the person receives a "no cause" determination after lapse of the section 760.11(3), 180-day period for FCHR action, but before the filing of a lawsuit. We hold that the person may not. The receipt of a "no cause" determination terminates the person's option to proceed under section 760.11(8), and requires that the person follow subsection 7, and exhaust the administrative remedy provided therein, prior to filing a lawsuit in a Florida court. To reach this determination we begin with an analysis of the statutory provisions at issue.

Statutory Analysis
Section 760.11 of Florida's Civil Rights Act, contains three pertinent subsections regarding civil and administrative remedies: §§ 760.11(4), (7), and (8). To begin with, the statute provides that after a person aggrieved by a violation of the Civil Rights Act files a complaint with the FCHR,
[w]ithin 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred....
§ 760.11(3), Fla. Stat. (1999). Thereafter, the statute affords an aggrieved person alternative remedies, depending on the FCHR's disposition of the complaint.
In the first provision pertinent here, subsection 4, the statute provides:
In the event that the [FCHR] determines that there is reasonable cause to believe that the discriminatory practice has occurred ..., the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or
(b) Request an administrative hearing under ss. 120.569 and 120.57.
§ 760.11(4), Fla. Stat. (1999). However, the second applicable provision provides that
[i]f the [FCHR] determines that there is not reasonable cause to believe that a violation ... has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, ... within 35 days ....
§ 760.11(7), Fla. Stat. (1999)(emphasis added).
The third subsection we are construing applies when the FCHR does not act promptly. Subsection 8 provides:
In the event that the [FCHR] fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause[,]
*44 § 760.11(8), Fla. Stat. (1999), i.e., proceed to file a lawsuit or pursue an administrative hearing.
Woodham argues that she properly brought her lawsuit because her "no cause" letter was not issued within the 180 days prescribed in subsection 3. Therefore, she contends, subsection 8 applies to her case and she need not follow the administrative hearing requirement in subsection 7. We regret we are unable to accept Woodham's argument. To do so would render subsection 7 a nullity and a statute may not be so interpreted.
When interpreting a statute, courts first look to the plain meaning of the words therein. Holly v. Auld, 450 So.2d 217 (Fla.1984). "[W]hen the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no need to resort to other rules of statutory construction; the plain language of the statute must be given effect." Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995); Holly, 450 So.2d at 219. Furthermore, where, as here, the effect or meaning of several subsections of a statute is being considered, the statute must be read as a whole to give effect to all of it provisions. State v. Gale Distrib., Inc., 349 So.2d 150 (Fla.1977).
The language of section 760.11 is unambiguous. Each subsection contemplates application in one of three different scenarios: When the FCHR issues a "cause" determination subsection 4 outlines the aggrieved person's remedies; when the FCHR issues a "no cause" determination, the aggrieved person must follow the administrative procedures in subsection 7; and when the FCHR does not act, the aggrieved person must follow subsection 8. Under the plain language of section 760.11(7), which contains no time frame for receipt of a determination, Woodham was required to request an administrative hearing upon receipt of the "no cause" determination.[2]
Woodham's arguments to the contrary are unavailing. Woodham relies on language in section 760.11(8), allowing an aggrieved person to choose whether to file a civil action or pursue administrative relief if no determination is received within the 180-day period. This subsection affords relief to those persons who do not receive a determination. Indeed, it would apply here if Woodham had received no determination whatsoever. Woodham would then have the right to sue after waiting 180 days from the filing of the complaint. It would also apply if Woodham had sued after the 180th daybefore ever receiving the "no cause" determination. But, unfortunately, once the "no cause" determination was issued, the option to sue under subsection 8 was foreclosed to Woodham. Thereafter, Woodham was required to pursue administrative remedies as provided in subsection 7. Because she did not do so, the court properly granted summary judgment. *45 If this appears to be an injustice, it can only be remedied by legislative action not by judicial fiat.
Section 760.11 contemplates that an aggrieved person will file a lawsuit only under two delineated scenarios: receipt of a determination of reasonable cause that a discriminatory practice has occurred, § 760.11(4); or failure to receive any FCHR determination. § 760.11(8), Fla. Stat. (1999). An aggrieved person is entitled to take advantage of the 180 day provision in subsection 8 and bring a lawsuit if the FCHR does not act timely. Sweeney, 725 So.2d at 381. But this option is foreclosed once a "no cause" determination is received, regardless of how untimely it may be. Once the "no cause" determination was issued, Woodham's remedies are restricted by subsection 7. Again, any other interpretation would render subsection 7 a complete nullity.
Moreover, Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000), does not mandate a different result. In Joshua, the aggrieved person, who never received any determination from FCHR, filed the lawsuit. The issue in Joshua was which statute of limitations applied to the cause of action. The Florida Supreme Court held that the general four-year statute of limitations applies to actions filed under chapter 760 if the FCHR does not make a reasonable cause determination within the required 180 days. Nowhere does Joshua address or grant aggrieved persons the ability to disregard subsection 7 administrative hearing requirement nor does it allow a lawsuit after receipt of a "no cause" determination, albeit beyond the 180-day period.
Furthermore, it is of no moment that the EEOC "no cause" determination stated that Woodham could "pursue this matter further by bringing suit in federal or state court." As a threshold matter, we are not aware of any authority stating that an agency notification creates a cause of action in contravention of state statutory provisions. In addition, this notice merely reflects federal law on this matter. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), provides claimants the right to bring a civil action against anyone named in an EEOC complaint within ninety days of an EEOC dismissal. In contrast to Florida's statutory scheme, Title VII has no prerequisites to a lawsuit in federal district court when the EEOC issues a "no cause" determination. The only conditions precedent to filing a lawsuit in federal court are filing a charge with the EEOC and receipt of the EEOC disposition of the charge, such as the "no cause" letter Woodham received in this case. Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968); Cunningham v. Litton Indus., 413 F.2d 887 (9th Cir. 1969). Claimants who complete the EEOC claims process have exhausted their administrative remedies at that point and are thereafter free to proceed with a lawsuit in federal court. Woodham may have been at liberty to file a lawsuit in federal court. Indeed, as the dissent aptly notes, "the very step that is a condition precedent to filing a federal action will act as a complete bar to Woodham's state suit." Slip op. at 12. That dichotomy, however, is not the issue before us. The EEOC notice that appears to grant Woodham the right to proceed in state court does not affect the provisions of the Florida Civil Rights Act.
We are not unmindful of the injustice this causes Woodham, and we regret this required result. It is our obligation to construe legislative intent as obvious in the plain meaning of the statute. If the legislature had intended another result it could have written the statute to track Title VII and permit all aggrieved persons access to *46 court. The legislature did not do so, and we are therefore obligated to affirm the final judgment.
Affirmed.
LEVY, J., CONCURS.
RAMIREZ, J. (dissenting).
I respectfully dissent. The majority denies Woodham her day in court because she sought and obtained a right-to-sue letter from the Equal Employment Opportunity Commission. In my view, it is not necessary to sacrifice justice at the altar of statutory construction.
The majority relies on the "plain meaning of the words" in the relevant statutes and finds them unambiguous. I would agree with Justice Quince who, writing for the supreme court in Joshua v. City of Gainesville, 768 So.2d 432, 434-35 (Fla. 2000), stated that "the Florida Civil Rights Act embodied in Chapter 760 of the Florida Statutes does not provide clear and unambiguous guidance to those who file complaints under its provisions nor to those who are brought into court on allegations of violating its terms." Our decision further complicates the process of filing a complaint by placing an additional obstacle for unsuspecting complainants to overcome.
Everyone agrees that under section 760.11(8), Florida Statutes (1999), Woodham could have filed a complaint, before receiving her determination letter, because the commission failed to make a decision in her case within 180 days. In federal court, Woodham could not have filed her complaint without first obtaining a right-to-sue letter. See Shah v. New York Dept. of Civil Serv., 168 F.3d 610, 613 (2d. Cir. 1999). Here, Woodham sought her right-to-sue letter 300 days after filing her charge with the commission. By our decision, the very step that is a condition precedent to filing a federal action will act as a complete bar to Woodham's state suit. Florida statutes do not require such a situation; on the contrary, the language contained in section 760.11 envisions the aggrieved party having a choice of whether to file a civil action or pursue administrative relief if he or she does not receive a determination within the 180 day period. Nowhere in the plain language of section 760.11 is there a requirement that Woodham must request an administrative hearing pursuant to section 760.11(7) prior to the filing of a lawsuit when a no cause determination is received after the expiration of the 180-day period.
The majority relies on the provisions contained in section 760.11(7) stating that, if there is a no cause determination, the aggrieved party "may request an administrative hearing." (emphasis added). It thus rewrites the statute to read "shall" or "must" instead of "may" to bar Woodham's action claiming that its hands were tied by the language of section 760.11(7). Woodham could be given an opportunity to reach the merits of her claim by relying on section 760.11(8) because there had been no determination in her case within the 180-day period. There is certainly nothing in the statute that states that a claimant who already has the right to sue forfeits that right by requesting a right to sue letter. In fact, the letter Woodham received from the commission tells her that she "may pursue this matter further by bringing suit in federal or state court." This result is likely to evoke a knowing smile from Joseph Heller, but hardly one that promotes fairness.
To prevent claimants from filing suit because the commission decides to send an untimely no cause determination subsequent to the expiration of the 180-day period renders section 760.11(8) null and void. It also rewards inefficiency on the *47 part of the commission, a result the legislature did not intend when it specified the 180-day deadline. Henceforth, claimants who wish to benefit from such a deadline must keep in mind that the commission can frustrate their ability to file a lawsuit if it issues a no cause determination before the complaints are clocked in at the clerk's office.
The purpose of the Florida Civil Rights Act is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status...." § 760.01(1), Fla. Stat. (1999). The legislature has declared that the Act "shall be liberally construed to further the general purposes stated in this section...." § 760.01(3), Fla. Stat. (1999). The supreme court has also stated that the Act was patterned after Title VII of the Civil Rights Act of 1964 and is a remedial statute which requires a "liberal construction to preserve and promote access to the remedy intended by the Legislature." Joshua, 768 So.2d at 435.
I would hold that a claimant who has the legislative right to sue pursuant to section 760.11(8) does not forfeit that right by receiving an untimely no cause determination. Once the 180-day period expires, I would apply section 760.11(8), whether or not any subsequent determination is made. See State v. Gale Distribs., Inc., 349 So.2d 150 (Fla.1977) (stating that a cardinal rule of statutory construction requires that effect be given to every part of the section and every part of the statute as a whole).

On Motion for Rehearing and Certification
PER CURIAM.
We deny appellant's motion for rehearing and grant the motion for certification. We certify conflict with Cisko v. Phoenix Medical Prod., 26 Fla. L. Weekly D1851, ___ So.2d ___, 2001 WL 844675 (Fla. 2d DCA July 27, 2001) and certify the following question of great public importance:[1]
WHETHER A CLAIMANT MUST PURSUE THE ADMINISTRATIVE REMEDIES PROVIDED IN SECTION 760.11(7), FLORIDA STATUTES, WHEN THE CLAIMANT HAS FILED A COMPLAINT UNDER THE FLORIDA CIVIL RIGHTS ACT WITH THE FLORIDA COMMISSION ON HUMAN RELATIONS AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION JOINTLY, AND HAS RECEIVED AN EEOC "DISMISSAL AND NOTICE OF RIGHTS" STATING: "BASED UPON ITS INVESTIGATION, THE EEOC IS UNABLE TO CONCLUDE THAT THE INFORMATION OBTAINED ESTABLISHES VIOLATIONS OF THE STATUTES. THIS DOES NOT CERTIFY THAT THE RESPONDENT IS IN COMPLIANCE WITH THE STATUTES. NO FINDING IS MADE AS TO ANY OTHER ISSUES THAT MIGHT BE CONSTRUED AS HAVING BEEN RAISED BY THIS CHARGE."?
LEVY and SHEVIN, JJ., concur.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN, SORONDO and RAMIREZ, JJ.

On Motion for Rehearing En Banc
The motion for rehearing en banc is denied.
*48 SCHWARTZ, C.J., and JORGENSON, LEVY, FLETCHER, SHEVIN and SORONDO, JJ., concur.
GODERICH and GREEN, JJ., dissent.
RAMIREZ, J. (concurring in part and dissenting in part).
I concur with the granting of the motion for certification, but for the reasons stated in my original dissent, and the reasons set forth in Cisko v. Phoenix Medical Prods., 26 Fla. L. Weekly D1851, ___ So.2d ___, 2001 WL 844675 (Fla. 2d DCA July 27, 2001), I would grant appellant's motions for rehearing and rehearing en banc.
COPE and GERSTEN, JJ., concur.
NOTES
[1] For purposes of this discussion, we hold, as the trial court did, that a "no cause" determination issued by the EEOC operates as a "no cause" finding by the FCHR. See Blakely v. United Servs. Auto Ass'n, No. 99-1046-Civ-T-17F, 1999 WL 1053122 (M.D.Fla. Oct.4, 1999)(EEOC dismissal and "no cause" determination equivalent to FCHR "no cause" finding).
[2] This conclusion does not require any rewriting of the statute. While the dissent correctly notes that section 760.11(7), states that "an aggrieved party may request an administrative hearing," (emphasis added), this does not create the nuance that the dissent would have us read into the statutory schemeallowing anyone to file after receipt of a "no cause" determination once the 180-day period expires. While "may" certainly denotes a permissive act, the dissent's interpretation would subvert section 760.11 as a whole. Moreover, the context of the statute as a whole dictates whether the use of words such as "shall," or "may" will be mandatory or permissive. State v. Osborne, 781 So.2d 1137 (Fla. 5th DCA 2001)(citing Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla.1972)); Comcoa, Inc. v. Coe, 587 So.2d 474 (Fla. 3d DCA 1991). The plain meaning of section 760.11, read in its entirety, demonstrates that the legislature gave aggrieved persons three options. Supra, slip op at 4-5.
[1] See also Bach v. United Parcel Serv., Inc., No. 4D01-252, ___ So.2d ___, 2001 WL 984715 (Fla. 4th DCA Aug.29, 2001)