Katherine PALISANO, Plaintiff(s),

v.

CITY OF CLEARWATER, James Wood, individually and Donald Brown, individually, Defendant(s).

No. 8:01–CV–2493–T–27MSS.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 14, 2002.

Randall V. Shanafelt, Sharon A. Wey, Shanafelt Law Firm, P.A., St. Petersburg, FL, for Katherine Palisano, plaintiff.

Deborah S. Crumbley, Thomas M. Gonzalez, S. Gordon Hill, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for City of Clearwater, James Wood, defendant.

Mark A. Hanley, Glenn, Rasmussen & Fogarty, Tampa, FL, Paul Richard Hull, City Attorney's Office, City of Clearwater, Clearwater, FL, for Donald Brown, defendant.

## *ORDER*

WHITTEMORE, District Judge. ·

**THIS CAUSE** is before the Court on (1) Defendant City of Clearwater's Motion to Dismiss Counts II and IV of Plaintiff's First Amended Complaint (Dkt.11) and Plaintiff's Response in Opposition to Defendant City of Clearwater's Motion to Dismiss Counts II and IV of Plaintiff's First Amended Complaint (Dkt.17); (2) Defendant James Wood's Motion to Dismiss (Dkt.14) and Plaintiff's Response in Opposition to Defendant James Wood's

Motion to Dismiss (Dkt.18); and (3) Defendant City of Clearwater's Motion to Strike (Dkt.13) and Plaintiff's Response in Opposition to Defendant City of Clearwater's Motion to Strike (Dkt.19).

## Standards Applicable to Motion to Dismiss

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *accord South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). All well-pleaded factual allegations are accepted as true and are viewed in the light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In considering a motion to dismiss, the court is confined to an examination of the four corners of the complaint. *Lowell v. American Cyanamid Co.*, 177 F.3d 1228, 1229 (11th Cir.1999).

The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984).

## Discussion

Plaintiff, a former employee of the City of Clearwater, has filed a seven count First Amended Complaint ("Amended Complaint"). Counts I through V are brought against the City of Clearwater. Count I alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Count II alleges sex discrimination in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes; Count III alleges retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Count IV alleges retaliation in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes; and Count V alleges pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. In Counts VI, Plaintiff sues Defendant James Woods (Superintendent of the Building & Maintenance Department for the City of Clearwater) individually for violation of section 1983/Equal Protection. In Count VII, Plaintiff sues Defendant Donald Brown (maintenance worker for the City of Clearwater) individually for battery.

## Defendant City of Clearwater's Motion to Dismiss Counts II & IV

The City of Clearwater seeks dismissal of Counts II and IV (Plaintiff's claims under the Florida Civil Rights Act ("FCRA"), § 760.01 *et seq*, Fla. Stat.), arguing that Plaintiff failed to exhaust her administrative remedies pursuant to Fla. Stat. § 760.11, a condition precedent to bringing suit.

Plaintiff filed a Charge of Discrimination ("Charge") with the Florida Commission on Human Relations ("FCHR") on June 15, 2001. (Dkt.12, Ex. 1).[1] On October 1, 2001, the EEOC issued its Form 161

---

1. This operated as a dual filing with the FCHR and the United States Equal Employment Opportunity Commission ("EEOC"), pursuant to the EEOC/FCHR workshare agreement. *Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 793 So.2d 41 (Fla. 3d DCA 2001). Accordingly, a decision of the EEOC constitutes the same decision by the FCHR. *See e.g. Dawkins v. Bellsouth Telecommunications, Inc.*, 1999 WL 454656 (M.D.Fla. 1999); *Blakely v. United Servs. Auto Ass'n*, 1999 WL 1053122 (M.D.Fla.1999).

"Dismissal And Notice Of Rights" with the following determination:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

(Dkt.12, Ex. 2).

Thereafter, without appealing this determination administratively, Plaintiff filed her initial Complaint alleging violations of FCRA in Counts II and IV. The City of Clearwater contends that Plaintiff's FCRA claims are barred because she failed to appeal the EEOC's determination pursuant to Fla. Stat. § 760.11. The Plaintiff argues that she was not required to request an administrative hearing because the EEOC's determination that it was "unable to conclude" whether a violation occurred does not equate to a finding that there was "no reasonable cause" that the violation occurred, as required by Fla. Stat. § 760.11.

An action under the FCRA may be initiated only after plaintiff has exhausted administrative remedies. § 760.07, *Fla. Stat.* (1999). Pursuant to § 760.11(7), if after filing a charge of discrimination, the agency investigating the charge determines that there is *no reasonable cause* to believe that a violation occurred, the plaintiff is limited to an administrative hearing. Under the FCRA,

> If the commission determines that there is not *reasonable cause* to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. The aggrieved person may request an adminis-

trative hearing under ss. 120.569 and 120.57, but any such request must be made within 35 days of the date of determination of reasonable cause and any such hearing shall be heard by an administrative law judge and not by the commission or a commissioner. If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred.

§ 760.11(7), *Fla. Stat.; Woodham v. Blue Cross & Blue Shield of Florida, Inc.,* 793 So.2d 41, 45 (Fla. 3d DCA 2001).

■ The issue presented is whether the "unable to conclude" determination by the EEOC was the equivalent of a "no cause" determination by the FCHR, which would require Plaintiff to request an administrative hearing within 35 days of the date of determination of reasonable cause, pursuant to § 760.11(7). Florida courts are in conflict concerning whether an "unable to conclude" determination by the EEOC constitutes a finding of "no cause".[2] Compare *Woodham v. Blue Cross and Blue Shield of Florida, Inc.,* 793 So.2d 41 (Fla. 3d DCA 2001) with *Cisko v. Phoenix Medical Products, Inc.,* 797 So.2d 11 (Fla. 2d DCA 2001) and *White v. City of Pompano Beach,* 813 So.2d 1003 (Fla.App.2002).

*Woodham* holds that an "unable to conclude" determination constitutes a "no cause" determination and that plaintiffs who receive that determination are therefore required to pursue administrative relief as a condition precedent to bringing suit. On the other hand, *Cisko* holds to the contrary, reasoning that a "liberal construction of section 760.11(7) requires a specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination." 797 So.2d 11. In light of

---

**2.** In applying state law, a federal court must "adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would

decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,* 710 F.2d 678, 690 (11th Cir.1983).

these conflicting decisions, the issue has been certified to the Florida Supreme Court. *Woodham,* 793 So.2d at 47.

■ Upon consideration, the Court agrees with and adopts the reasoning of the Florida Second District Court of Appeal in *Cisko* that an "unable to conclude" determination by the EEOC does not constitute a determination of "no cause". As that Court concluded:

> "An indication by the EEOC that it was 'unable to conclude' that there was a violation of the Act does not rise to the level of a finding that the EEOC did not have reasonable cause to believe that a violation occurred. This finding could reasonably be interpreted as indicating that the EEOC did not have sufficient information from which to make a determination. It does not definitively state that the complaint is being dismissed because it does not have merit."

*Cisko,* 797 So.2d at 13; *see also, Thick v. Bray,* 2002 WL 598532 (M.D.Fla.2002).

Finally, the plain language of § 760.11(3) requires an express determination of whether or not there is "reasonable cause" to believe that discriminatory practice has occurred. Only an express determination that there is *not* reasonable cause eliminates the condition precedent to suit required by § 760.11(7). An "unable to conclude" determination does not satisfy this plain and unambiguous statutory requirement. *See White v. City of Pompano Beach, supra.* Defendant City of Clearwater's Motion to Dismiss Counts II and IV is accordingly denied.

### Defendant James Wood's Motion to Dismiss Count VI

Defendant James Wood ("Wood") seeks dismissal of Count VI, arguing that Plaintiff failed to allege facts to support a claim for individual liability under 42 U.S.C. § 1983 based on sexual harassment and retaliation in violation of the equal protection clause to the fourteenth amendment. Alternatively, Wood argues that even if the Court finds that Plaintiff has pled an actionable section 1983 claim, Count VI should be dismissed because Wood is entitled to qualified immunity.

1. *Plaintiff's sexual harassment claim under the equal protection clause*

■ In Count VI, Plaintiff claims Wood deprived her of her equal protection rights, in violation of section 1983, by "failing to act to prevent or correct Brown's sexually offensive conduct notwithstanding Wood's prior knowledge of Brown's sexually offensive conduct and the severe nature of Brown's physical contact with Plaintiff in the break room." Amended Complaint, ¶ 88. Wood argues that Plaintiff's section 1983 claim for unlawful sexual harassment fails because Wood did not intentionally deprive Plaintiff of her constitutional rights, as Plaintiff does not allege that Wood's actions were not reasonably calculated to prevent further harassment. Plaintiff contends that she has sufficiently pled facts to demonstrate that Wood did nothing to prevent further harassment and in turn, acted with deliberate indifference to her constitutional right to be free from discrimination and harassment based on sex.

■ In order to state a claim against an employer for unlawful sexual harassment, as Plaintiff seeks to do here, a plaintiff must plead that the defendant either actually knew or should have known about the alleged harassment and failed to take sufficient prompt remedial action. *Sparks v. Pilot Freight Carriers, Inc.,* 830 F.2d 1554, 1558 n. 4 (11th Cir.1987).[3]

---

**3.** The Eleventh Circuit has held that "when section 1983 is used as a parallel remedy for violation of section 703 of Title VII [42 U.S.C. § 2000e–2], the elements of the two causes of action are the same." *Cross v. State of Alabama,* 49 F.3d 1490,1507–8 (11th Cir.1995).

Within Count VI, Plaintiff alleges that "Brown has a history of sexually offensive conduct toward other female employees of the City of Clearwater." Amended Complaint, ¶ 28. Plaintiff also alleges that "[a]t least as early as September 2000, ... James Wood, and Brown's immediate supervisor, Mark Jansen had notice of Brown's sexually offensive conduct and failed to take prompt remedial action." Amended Complaint, ¶ 29. Plaintiff alleges that as a result, Brown's sexually offensive conduct escalated to a battery against Plaintiff in the break room on or about November 20, 2000. Amended Complaint, ¶¶ 26, 30. After Plaintiff formally complained to Wood about Brown's sexually offensive conduct on November 20, 2000, "Wood informed Plaintiff that Brown would no longer have contact with Plaintiff." Amended Complaint, ¶¶ 30, 31. "However, on or about January 12, 2001, Brown approached Plaintiff again ... making full-length body contact with Plaintiff and touched Plaintiff's arm in a caressing manner." Amended Complaint, ¶ 32.

Based on these allegations, Plaintiff has alleged sufficient facts to demonstrate that Wood knew or should have known of Brown's history of sexual harassment towards woman and that he specifically knew of Brown's severely offensive contact with Plaintiff in the break room on November 20, 2000. Viewed in the light most favorable to the Plaintiff, the alleged facts also demonstrate that despite this knowledge, Wood failed to take any remedial action to prevent future contact between Plaintiff and Brown and as a result, Brown sexually harassed Plaintiff again on January 12, 2001. Such allegations are suffi-

cient to demonstrate that Wood acted with deliberate indifference to Plaintiff's constitutional right to be free from sexual harassment. Accordingly, Plaintiff has sufficiently alleged a claim against Wood for unlawful sexual harassment in violation of the equal protection clause.

### 2. *Plaintiff's retaliation claim under the equal protection clause*

Plaintiff also alleges that Wood deprived her of her rights under the equal protection clause, in violation of section 1983, by "condon[ing], authoriz[ing], ratif[ying] and perpetuat[ing] a sexually hostile and offensive work environment by setting out to terminate Plaintiff's employment and by taking adverse employment action against Plaintiff because of Plaintiff's complaints and/or objections to sexual harassment." Amended Complaint, ¶ 89. Wood contends that Plaintiff's section 1983 retaliation claim must be dismissed because there is no right to be free from retaliation under the equal protection clause to the fourteenth amendment. Plaintiff argues her retaliation claim is viable because it is linked to her allegations of gender and sex discrimination and therefore constitutes part of her equal protection claim.

 Plaintiffs are not precluded from bringing a section 1983 claim concurrent with Title VII claims as long as the section 1983 claim is based on a distinct violation of a constitutional right. *Johnson v. Knupp*, 13 Fla. L. Weekly Fed. D 222, 2000 WL 1238976 (M.D.Fla.2000). The right to be free from retaliation for making complaints of discrimination is established as a first amendment right.

---

In order to state a claim for unlawful sexual harassment under Title VII, Plaintiff must plead that (1) she is a member of a protected group; (2) she was subjected to unwelcome conduct; (3) the conduct was based on Plaintiff's sex; (4) the conduct affected a term, condition, or privilege of Plaintiff's employ-

ment; and (5) liability against the employer is appropriate. *Mendoza v. Borden*, 195 F.3d 1238, 1245 (11th Cir.1999). Wood's Motion to Dismiss specifically challenges Plaintiff's allegations regarding liability against the employer (element five).

*Ratliff v. DeKalb County,* 62 F.3d 338, 340 (11th Cir.1995). Retaliation claims are generally not protected under the equal protection clause to the fourteenth amendment. *Id.; Watkins v. Bowden,* 105 F.3d 1344, 1344 (11th Cir.1997). An exception, however, is made in cases where the defendant maintained and reinforced the sexually hostile environment in connection with his or her retaliatory acts. *See Watkins,* 105 F.3d at 1355 (citing *Beardsley v. Webb,* 30 F.3d 524 (4th Cir.1994) (upholding retaliation claim under equal protection clause where conduct was a mixture of retaliation and maintenance of . harassment)).

█ Viewed in the light most favorable to the Plaintiff, Count VI sets forth facts which implicate the narrow protection of retaliation under the equal protection clause. Plaintiff specifically alleges that "Wood . . . *ratified and perpetuated* a sexually hostile and offensive work environment . . . by taking adverse employment actions against Plaintiff . . ." Amended Complaint, ¶ 89 (emphasis added). Plaintiff further alleges that after reporting the harassing behavior to Wood a second time, Wood "subjected Plaintiff to heightened scrutiny," "perpetuated false and misleading accusations against Plaintiff," and "undermined Plaintiff's job performance." Amended Complaint, ¶¶ 36, 37, 38. Based on these allegations, Plaintiff has pled sufficient facts to demonstrate that Wood's actions after Plaintiff complained of Brown's sexual harassment maintained and reinforced the sexually offensive environment and in turn, further deprived Plaintiff of her equal protection rights. Accordingly, Plaintiff sets forth a claim against Wood for retaliation in violation of the equal protection clause.

### 3. *Qualified Immunity*

█ Because Wood raises the defense of qualified immunity, the Court's analysis does not end with a finding of sufficient facts to allege a violation of Plaintiff's constitutional rights. Under the doctrine of qualified immunity, governmental officials are shielded from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Williams v. Alabama State Univ.,* 102 F.3d 1179, 1182 (11th Cir.1997).

█ An evaluation of the applicability of qualified immunity requires a two-step analysis. *Wooten v. Campbell,* 49 F.3d 696 (11th Cir.1995). First, the Court must determine whether the Plaintiff has alleged a deprivation of a constitutional right. *Id.* As discussed in the previous two subsections, this Court has determined that Plaintiff has sufficiently alleged a claim for sexual harassment and retaliation in violation of the equal protection clause to the fourteenth amendment. Secondly, it must be determined whether those rights were clearly established at the time the alleged violation occurred. *Id.; Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

█ A right is clearly established if "[t]he contours of the rights [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Williams,* 102 F.3d at 1182 (citing *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The Eleventh Circuit has explained that to meet the "clearly established" requirement, "the federal law by which the government official's conduct should be evaluated must be preexisting, obvious and mandatory so that a similarly situated, reasonable government agent would be on notice that his or her questioned conduct violates federal law under

the circumstances." *Hill v. Dekalb Regional Youth Det. Ctr.,* 40 F.3d 1176, 1185 (11th Cir.1994) (citing *Lassiter,* 28 F.3d at 1149–50).

▓▓▓▓ "When considering whether the law applicable to certain facts is clearly established, the facts of cases relied upon as precedent are important. The facts need not be the same as the facts of the immediate case. But they do need to be materially similar." *Lassiter,* 28 F.3d at 1150. In this Circuit, the law may be clearly established for qualified immunity purposes only by opinions from the United States Supreme Court, the Eleventh Circuit Court of Appeal, or the highest court of the state in whose law is at issue. *Hamilton v. Cannon,* 80 F.3d 1525, 1531–31 n. 7 (11th Cir.1996).

### (a) *Sexual Harassment*

▓▓▓▓ When viewed in the light most favorable to the Plaintiff, the facts alleged in support of her unlawful sexual harassment claim demonstrate that despite Wood's knowledge of Brown's harassing acts, Wood failed to take any remedial action.[4] Therefore, the relevant question in determining whether Wood is entitled to qualified immunity is whether a reasonable person in Wood's position could have believed that doing nothing in response to knowledge of Brown's sexual harassment was lawful, in light of clearly established law.

▓▓▓▓ In this Circuit, the right to be free from sexual harassment in the workplace is clearly established. *Cross v. State of Alabama,* 49 F.3d 1490 (11th Cir.1995). In *Cross,* the Eleventh Circuit considered the reasonableness of a supervisor's failure to act under similar facts and held that "a supervisory government official who does nothing in response to knowledge of a subordinate's sexually harassing conduct is not entitled to qualified immunity." *Id.* at 1503; *see also Saunders v. Hunter,* 980 F.Supp. 1236 (M.D.Fla.1997) (precluding qualified immunity defense on motion to dismiss because defendants did nothing in response to plaintiff's sexual harassment complaints).

▓▓▓▓ Having determined that Plaintiff's constitutional right to be free from sexual harassment was clearly established, the Court must consider whether the alleged violation is self evident on the face of the complaint. *See Williams v. Alabama State University,* 102 F.3d 1179, 1182 (11th Cir.1997) (qualified immunity may be raised successfully in a motion to dismiss when a complaint fails to allege the violation of a "clearly established constitutional right" or fails to allege that a "reasonable government official" would have been aware of that fact). The Court finds that

---

4. When viewed in the light most favorable to the Plaintiff, the alleged facts establish that after learning of Brown's offensive conduct in the break room on November 20, 2000, Wood merely told Plaintiff that Brown would not have future contact with her. While Plaintiff alleges that Wood told "Plaintiff that because of her he would have to e-mail the City's Human Relations department," she does not allege that the e-mail was sent or that Wood ever spoke to Brown about his actions. It can be reasonably inferred from Plaintiff's allegations that Wood took no remedial action toward Brown to prevent future harassment. Amended Complaint, ¶¶ 30, 31, 34. The Court recognizes that in the City of Clearwater's Answer and Defenses to Plaintiff's First Amended Complaint (Dkt 10), the City of Clearwater responded to paragraph 31 of the Amended Complaint by admitting that Wood "instructed both Plaintiff and Defendant Brown to no longer have contact with one another except through their supervisor." (Dkt.10, p. 3). Facts not plead in the Amended Complaint, however, cannot be considered for purposes of a motion to dismiss. *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir.1999). This issue may be more appropriately resolved at the summary judgment stage.

Plaintiff has alleged sufficient facts in support of her unlawful sexual harassment claim to overcome the defense of qualified immunity. Amended Complaint, ¶¶ 10–12; 23–34; 88, 90–91. The Plaintiff's allegations include sufficiently detailed facts, as opposed to mere conclusions, and therefore, meet the heightened pleading requirement previously imposed by this Circuit when confronted with a motion to dismiss on the basis of qualified immunity. *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir.1998); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.1992), *cert. denied*, 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153, (1993) (the heightened standard requires a complaint to provide "some factual detail ... especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred").[5] Accordingly, at this time, Wood is not entitled to qualified immunity as to Plaintiff's section 1983 claim for unlawful sexual harassment and Wood's Motion to Dismiss in this regard is denied.

(b) *Retaliation*

 As discussed above, the right to be free from retaliation has been treated as a first amendment and Title VII right, but generally not as a right protected by the equal protection clause. *Ratliff*, 62 F.3d at 340. While Plaintiff set forth sufficient facts to demonstrate that Wood violated her equal protection rights by maintaining and reinforcing the hostile work environment through his retaliatory acts, the Court cannot conclude, based upon past relevant opinions, that such a right is clearly established. *Ratliff*, 62 F.3d at 340. In other words, based upon past relevant opinions, the Court cannot conclude that the contours of Plaintiff's right was sufficiently clear that a reasonable public official in Wood's shoes would have recognized that his retaliatory acts were in violation of Plaintiff's equal protection rights. *See Samedi v. Miami–Dade County*, 134 F.Supp.2d 1320 (S.D.Fla.2001) (recognizing that the right to be free from retaliation may fall under the equal protection clause, but holding such a right is not clearly established for purposes of defeating qualified immunity). Accordingly, Plaintiff fails to state sufficient facts to overcome the defense of qualified immunity in connection with her retaliation claim and Wood's Motion to Dismiss as to Plaintiff's claim for retaliation under section 1983 is granted.

### Defendant City of Clearwater's Motion to Strike Paragraphs 65, 66, and 78

Defendant City of Clearwater (the "City") seeks to strike paragraphs 65, 66, and 78 of Plaintiff's Amended Complaint as impertinent. In paragraphs 65, 66, and 78, Plaintiff alleges that the City retaliated against her for complaining about unlawful sexual harassment and pregnancy discrimination by taking adverse employment action against her husband, William Palisano, who was also employed by the City. Defendant argues that Plaintiff does not

---

5. The constitutionality of the Eleventh Circuit's heightened pleading standard has been called into question by district courts in the past. *See e.g. Helton v. Hawkins*, 12 F.Supp.2d 1276, 1280–81 (M.D.Ala.1998). This question may have been resolved against a heightened pleading standard in the Supreme Court's recent decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 996, 152 L.Ed.2d 1 (2002) (holding employ-ment discrimination lawsuit under Title VII need only meet the pleading requirements imposed by Fed. Rule Civ. Pro 8(a)(2)). Nonetheless, the Court finds that even under the heightened pleading requirement, Count VI of Plaintiff's Amended Complaint is sufficient to preclude shielding Wood with qualified immunity as to Plaintiff's sexual harassment claim.

have legal standing and cannot state a claim for which relief can be granted as to any allegedly adverse employment actions taken by the City against her husband.

Federal Rules of Civil Procedure, Rule 12(f), provides that, upon motion made by a party, the Court may "order stricken" any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.Pro., Rule 12(f). Because the Court finds the allegations in paragraphs 65, 66, and 78 pertinent to Plaintiff's claim, the City's Motion to Strike is denied.[6]

In *Warth v. Seldin,* 422 U.S. 490, 498–503, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), the Supreme Court held that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499, 95 S.Ct. 2197. The Court further stated that "so long as this requirement is satisfied, persons to whom Congress has granted a right of action, either expressly or by clear implication, may have standing to seek relief on the basis of the legal rights and interests of others, and indeed, may invoke the general public interest in support of their claim." *Id.* at 501, 95 S.Ct. 2197.

With regard to a motion to dismiss, the Court held

> For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. At the same time, it is within that court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, af-

ter this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.

*Id.* at 501–02, 95 S.Ct. 2197 (citations omitted).

The Eleventh Circuit has recognized that allegations of retaliation against the husband of an individual who opposed discrimination are pertinent to and may support the individual's claim for retaliation against the employer. *See Wu v. Thomas,* 863 F.2d 1543 (11th Cir.1989) In *Wu,* a husband and wife, both faculty members of the University of Alabama, filed suit against the University alleging they were retaliated against in violation of Title VII because of the wife's prior discrimination suit. *Id.* at 1547. On appeal, the Eleventh Circuit looked to the wife's second Charge of Discrimination, which stated:

> The University retaliated against me by calling my husband and suggesting that he would be happier teaching somewhere else. This was retaliation against me because (1) I have a discrimination suit pending against the University; (2) the University knows that if my husband took another job in a different city I would be likely to follow him because of our marital relationship.

*Id.* The court concluded that "... the allegations contained in Ms. Wu's complaint ... are reasonably related to this charge [i.e., the second charge], serving only to amplify the claim of retaliation with additional instances of wrongful retaliatory conduct on the part of the university officials." *Id.*

■ Here, Plaintiff alleges that she *personally* was retaliated against and harmed by the City of Clearwater's ad-

---

**6.** To the extent the City seeks dismissal of Plaintiff's claim for want of standing, the

City's Motion is also denied.

verse employment action taken against her husband. Amended Complaint, ¶¶ 66, 72, 76, 78. Plaintiff has satisfied the minimal constitutional requirements of standing to pursue a retaliation claim where her husband has suffered adverse employment action based on her complaints and/or objections to unwelcome, sexually hostile and offensive conduct and discrimination.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant City of Clearwater's Motion to Dismiss Counts II and IV of Plaintiff's First Amended Complaint (Dkt.11) is **DENIED;** Defendant James Wood's Motion to Dismiss (Dkt.14) is **DENIED** as to Plaintiff's claim for unlawful sexual harassment and **GRANTED** as to Plaintiff's claim for retaliation; and Defendant City of Clearwater's Motion to Strike (Dkt.13) is **DENIED.**