HARNAGE, HENRY H., Associate Judge.
Dr. Roberta Santini appeals a Final Summary Judgment dismissing her state charge of discrimination brought under the Florida Civil Rights Act.
The issues are whether Dr. Santini properly filed her sex-based discrimination charge with the Florida Commission on Human Relations, and whether the doctor’s state discrimination claim was properly dismissed for her failure to exhaust administrative remedies. Concluding that Dr. Santini did appropriately file her state claim and that there were no more administrative prerequisites, we reverse allowing her to proceed directly in circuit court with the state discrimination claim.
RELEVANT FACTS
Dr. Roberta Santini directly filed a charge with the Broward County Human Rights Division [the local agency] on March 3, 1997. The charge alleged that the Cleveland Clinic Florida, Inc. [“the Clinic”] discriminated against her on the bases of her sex and age, in violation of: (1) Title VII of the federal Civil Rights Act of 1964, as amended [the federal law]; (2) the Florida Civil Rights Act, §§ 760.01-11, Fla. Stat. (1997), [the state law]; and (3) Article II, Section l(a)(a) of the Broward County Human Rights Act [the local law].
The doctor maintained that, despite her high productivity as an associate staff-diagnostic radiologist, the Clinic discriminated against her because of her sex and age. She specifically charged that her differential treatment related to “work assignments, evaluations, promotions, and benefits.”
On the face of the filed charge, Dr. Santini checked the box which provided, “I want this charge filed with both the EEOC [the federal agency] and the State or local Agency, if any.” A cover letter from Dr. Santini’s attorney accompanying the charge provided:
Enclosed please find a copy of the executed charge of discrimination filed on behalf of Roberta Santini against Cleveland Clinic Florida. Please be sure that this charge is also filed with the Florida *1031 Commission on Human Rights and the Miami EEOC. I notice that on the charge of discrimination it merely states [BCHRD] as the State or local agency. As such, I am requesting that the Florida Human Rights Commission also be notified of this charge. If I need to submit the charge directly to the Florida Human Rights Commission, please notify me immediately so I may do so.
The local agency transmitted a copy of her charge to the Florida Commission on Human Relations [the state agency]. Although the latter’s records did not reflect an actual date stamp of receipt, there is no dispute that the state agency received the claim. The Customer Service and Records Unit manager testified that as a matter of practice the state agency should have received it in Tallahassee shortly after March 11,1997.
After Dr. Santini filed her charge with the local agency she received a total of three items of correspondence. First, the federal agency forwarded a March 11, 1997, letter stating her case had been assigned charge numbers by the local and federal agencies. The letter also provided that the local Broward agency would investigate and resolve her charge under the federal statute and that she would be entitled to request a Substantial Weight Review of the local agency’s final determination; otherwise, the federal agency would generally adopt the local agency’s findings.
On August 5, 1997, Dr. Santini also received an Order of Determination from the local agency which concluded that there was no reasonable cause to believe that there was a violation of the local or federal anti-discrimination law. The Order further stated, “This determination concludes the Broward County Human Rights Division’s processing of the subject charge. The Charging Party has twenty (20) days to file a Petition for Re-determination to the Broward County Human Rights Board.” Dr. Santini never filed a Petition for Re-determination and her claim with the local agency was dismissed. Dr. Santi-ni never requested a substantial weight review by the federal agency of the local agency’s determination. Significantly, the local Broward agency’s Order of Determination made no mention of the state level claim under the Florida Civil Rights Act.
Finally, and as required by the federal statute, on January 29, 1998, the federal agency sent Dr. Santini a right to sue letter [Form 161] which provided that it had summarily adopted the findings of the local (Broward) agency. The letter fur[1] ther instructed that, under the federal law, Dr. Santini had the right to bring a federal discrimination suit in federal or state court within ninety (90) days.[1]
Dr. Santini never received a letter of determination from the state agency. Consequently, she never requested an administrative hearing under the Florida Civil Rights Act and instead filed this lawsuit in Broward Circuit Court in October of 1999. Pertinent to the issues before this court, the Clinic moved for summary judgment in December of 2000 alleging that Dr. Santini had failed to properly initiate procedures at the state level at all, and thus had failed to exhaust her administrative remedies. The trial court initially denied the Clinic’s motion for summary judgment.
*1032 However in July of 2001, the Clinic renewed its motion for summary judgment, relying on Woodham v. Blue Cross & Blue Shield of Florida, Inc., 793 So.2d 41 (Fla. 3d DCA 2001)[2], in which the Third District Court found that a “no reasonable cause” determination by the federal agency constituted a “no reasonable cause” finding by the state agency. The Clinic argued to the trial court and before us at oral argument that Dr. Santini’s claim was barred because her receipt of the federal agency’s “no cause” determination likewise constituted notice of the Florida Civil Rights Act “no cause” determination. She therefore had 35 days from that receipt in which to file her administrative appeal (which, admittedly, she did not). This time the trial court granted the renewed motion for summary judgment — expressly relying on the Third District’s holding in Woodham, 793 So.2d 41. The trial court concluded that Dr. Santini had failed to exhaust her state administrative remedies under Florida’s Chapter 760 by failing to take an administrative appeal from the federal agency’s “no reasonable cause” determination, concluding the federal determination acted as a determination on behalf of the state agency.
ANALYSIS

Dr. Santini properly filed her discrimination charge with the Florida Commission on Human Rights

The Clinic first argues that Dr. Santini did not properly file her charge with the state agency through an entity authorized by statute. The Clinic maintains that Dr. Santini, instead, only filed her charge with the local agency which was not authorized by statute to file the charge on her behalf at the state level. The statutory language instructs otherwise.
Under section 760.11(1), Florida Statutes, “Amy person aggrieved by a violation of § 760.01-760.10 may file a complaint with the state commission within 365 days of the alleged violation, naming the employer ... responsible for the violation and describing the violation.... The commission, a commissioner, or the Attorney General may in like manner file such a complaint.” By its plain language, section 760.11(1) allows a filing with the state agency by the “person aggrieved.” The definition section of the statute, specifically section 760.02(6), Florida Statutes, provides “ ‘Person’ includes an individual, association, corporation ... any other legal or commercial entity; the state; or any governmental entity or agency.”[3]
It is indisputable that the local Broward agency is a governmental entity or agency and, therefore, authorized under section 760.11(1), Florida Statutes, to file a complaint with the state agency. In fact, the state agency’s Customer Service and Records Unit manager testified that charges are often filed with it by other agencies and, for the state agency’s purposes, it considers a claim “filed just the same” whether received from an individual or *1033 another agency. Therefore, when the local agency forwarded a copy of Dr. Santini’s complaint to the Florida Commission, it was “filed” with the state agency. We conclude that Dr. Santini properly filed her state discrimination complaint through the local agency.

Dr. Santini’s state discrimination charge was improperly dismissed for failure to exhaust her state administrative remedies.

We next consider whether Dr. Santini’s state discrimination charge under the Florida Civil Rights Act of 1992 was properly dismissed for failing to exhaust her state administrative remedies.
(1) The Florida Statute’s administrative process
When the Florida Commission on Human Relations determines there is reasonable cause to believe a violation has occurred, the claimant may either (1) bring a civil action in Circuit Court, or (2) request an administrative hearing. § 760.11(4), Fla. Stat. If the Commission determines that there is no reasonable cause under the state statute, it will dismiss the complaint and the claimant may then request an administrative hearing review within 35 days of the Commission’s determination. § 760.11(7), Fla. Stat.
Alternatively, if the Commission, within 180 days of the filing of the complaint, fails either to conclude or to determine whether there is reasonable cause on any complaint, an aggrieved person may proceed as if the commission determined that there was reasonable cause. § 760.11(8) Fla. Stat.[4] Significantly, section 760.11(3) requires that “when the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.” (emphasis supplied.)
(2) Legal Considerations
First, it is important to note that a claim made under one of the civil rights statutes is not the same cause of action as a claim made under another. The claims arise from separate rights recognized and protected by different sovereigns. Andujar v. Nat’l Prop. and Cas. Underwriters, 659 So.2d 1214, 1217 (Fla. 4th DCA 1995). Both the local and the federal agency levels apply their own civil rights legislation to determine, under their separate acts, whether a civil rights violation has occurred. Here, resolutions of both federal and local claims were based on the August 5,1997 Order of Determination of the local agency.
The claim made under the state statute is an entirely separate cause of action. The state’s notice of any determination, as to whether reasonable cause exists for finding a violation of a complainant’s civil rights under the Florida Civil Rights Act, must be provided within 180 days of the filing of the state complaint. § 760.11(3), Fla. Stat. If the state fails to provide timely notice within 180 days, the aggrieved person may proceed to Circuit Court. §§ 760.11(4),(8), Fla. Stat.
However, the Clinic would further have us infer that the federal agency’s Form 161 provided Dr. Santini with an adequate “no cause” determination of the state claim. The Florida Supreme Court recently considered (after this trial judge’s ruling) whether the federal Form 161 Dismissal and Notice of Rights received by a *1034 civil rights claimant satisfied the requirements of notice of a “no cause” determination under Florida’s Civil Rights Act. In Woodham, the Court settled this issue by focusing on the Legislature’s requirement in § 760.01(3), Fla. Stat., that the protections of this statute are to be “construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.” Woodham, 829 So.2d at 894.
The Supreme Court reasoned that such construction is based on the remedial purposes of the Florida Civil Rights Act and requires a “specific finding of lack of reasonable cause before an individual is stripped of her right of access to the courts for redress against discrimination.” Id. at 896 (citing Cisko v. Phoenix Med. Prods., Inc., 797 So.2d 11, 13 (Fla. 2d DCA 2001)); cf. White v. City of Pompano Beach, 813 So.2d 1003 (Fla. 4th DCA 2002) (federal Form 161 failed to satisfy the notice requirement of § 760.01(3) because the federal form did not determine if such reasonable cause existed.) Under this public policy purpose the Court stressed that “because § 760.11(7) purports to abridge an individual’s right to access to the courts, that section must be narrowly construed in a manner that favors access.” Woodham, 829 So.2d at 897. The Supreme Court concluded that “the language of § 760.11(7) requires a specific determination ‘that there is no reasonable cause’ to believe a violation occurred” Id. (emphasis supplied).
The Clinic nonetheless argues that this fact setting is different in that the federal agency here made an explicit “no cause” determination which the federal agency did not do in Woodham. But, here also the federal agency determined only that it was adopting the local determination that no reasonable cause existed under the Federal act. Significantly, neither the federal or local agency made a determination as to the state civil rights claim. Under the Florida Supreme Court’s rationale in Woodham (and our holding in White) we conclude that the federal Form 161 is not adequate notice to Dr. Santini that her state discrimination claim had been determined so as to require her to file a lawsuit in state court within thirty-five days.
Finally, we find that the federal Form 161 provided only further options under the federal statute and did not provide the legislatively-required due process notice information to Dr. Santini of the state statutory options available to her when the local Broward agency dismissed her complaint. As the Florida Supreme Court required in Woodham:
... the Florida Commission on Human Rights [must] inform the claimant of the “possible next steps that can be taken.”
Id. at 897. To hold to the contrary would be in direct conflict with and would ignore the statutory mandate of section 760.11(3), Florida Statutes, which requires notice of both the decision, and the process.
CONCLUSION
For the foregoing reasons, we hold that the trial court erred in dismissing Dr. San-tini’s civil rights action for sex discrimination under the Florida Civil Rights Act. We therefore reverse and remand to the lower court, allowing Dr. Santini to proceed directly in Circuit Court with her civil cause of action.
REVERSED and REMANDED.
GUNTHER and WARNER, JJ., concur.

. Dr. Santini subsequently filed an action in the federal Southern District of Florida, claiming the Clinic had discriminated against her in .violation of Federal and state law. Summary judgment was entered for the Clinic on the federal claims due to their untimeliness; however, the federal court declined to exercise pendant jurisdiction over the state civil rights claims and dismissed them.

. Subsequently reversed in Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891 (Fla.2002).

. We do not address whether or not Dr. San-tini's charge, directly filed with the local agency, would have been automatically deemed filed with the state agency by virtue of a, workshare agreement. On the record developed below, it is unclear what form of workshare agreement existed, if any, between the local Broward agency and the Florida Commission during the pertinent time frame. The existence (or nonexistence) of a works-hare agreement did not play any role in the lower court's ruling. We find consideration of this issue unnecessary where the record reflects Dr. Santini’s charge was actually filed with the Florida Commission.

. The aggrieved person then would have four years to sue under section 95.11(3)(f), Florida Statutes (1999). See Joshua v. City of Gainesville, 768 So.2d 432, 439 (Fla.2000).